491 P.2d 1234 (1971)
SWEETWATER COUNTY PLANNING COMMITTEE FOR the ORGANIZATION OF SCHOOL DISTRICTS, Appellant (Intervenor below),
v.
Leonard HINKLE et al., Appellees (Appellants below).
No. 3998.
Supreme Court of Wyoming.
December 14, 1971.
Robert H. Johnson, Rock Springs, for appellant.
John A. MacPherson and T. Michael Golden, Rawlins, for appellees.
Before McINTYRE, C.J., and PARKER, McEWAN, and GRAY, JJ.
*1235 McINTYRE, Chief Justice.
Pursuant to the provisions of the Wyoming School District Organization Law of 1969, the county committee of Sweetwater County (county planning committee for the organization of school districts) held a series of meetings throughout Sweetwater County in connection with the formation of unified school districts. Negotiations were also entered into with the county committee of Carbon County.
The plan finally adopted for Sweetwater County by its county committee was for three separate unified school districts. According to the plan, School District No. 25 (Bairoil) was to be joined with areas which included Rock Springs and Wamsutter and made into unified District No. 1 (new). School administrators and citizens of the Bairoil area consistently opposed joinder of the Bairoil district with any Sweetwater County school district.
When the Sweetwater plan was submitted to the state committee (state committee for organization), that committee recommended the Carbon County and Sweetwater County committees meet and attempt to work out a cooperative arrangement with respect to the Bairoil school and students. This was done and the Sweetwater plan was modified to provide that the new unified District No. 1 would contract with the Rawlins school system. Under such contract, District No. 1 would pay the actual cost to the Rawlins system to run the Bairoil school system. The actual cost figure for the first year was to be $208,000.
The state committee ultimately approved the modified plan. However, citizens and taxpayers of the original Bairoil district appealed to the district court from the approval decision of the state committee. That court held Bairoil had not been included in the organization of unified District No. 1 as a part of any efficient administrative unit, with primary consideration to the education, convenience and welfare of the children.
The court reasoned that the contractual arrangement between the two county committees was not efficient or practical because there was no assurance school administrators charged with the responsibility of educating Bairoil students could or would do so for the figure agreed upon. Also, future boards of the two districts involved would not be bound and there would be continual haggling over the amount to be paid for the education of Bairoil students.
The court stated a satisfactory solution would possibly be that the Bairoil district should be a part of the adjoining Carbon County district which includes Rawlins. The court concluded, the Sweetwater committee was arbitrary in refusing to consider the full joinder of Bairoil with the Rawlins district. The case was remanded by the district court to the state committee with instructions to reject the plan of organization devised by the county committee of Sweetwater County.
At the district court level, the Sweetwater county committee was permitted to intervene. It has brought the matter to us by appeal from the judgment of the district court.
The controversy in this case centers around the fact that Bairoil is an isolated *1236 school district located in the northeastern corner of Sweetwater County. It is set apart from the rest of the county because of a lack of roads, geographical barriers and distances to Sweetwater County population centers. It is about 40 miles from Rawlins and 150 miles from Rock Springs. The only feasible route to Rock Springs is through Rawlins. Rawlins is the trade center of the Bairoil community.
With only minimal exceptions, all of the Bairoil grade school graduates have attended Rawlins High School. The curriculum of the Bairoil grade schools is based on the curriculum of the Rawlins system, because the students go into the Rawlins high school system. The Rawlins school system also furnishes to Bairoil other educational services, such as psychologist, health care, and the like. In addition, Bairoil carries on its athletic events with schools in Rawlins, Baggs, Medicine Bow and some schools in Fremont and Natrona Counties which are closer than Rock Springs.
In the past there has been very little, if any, association with the schools of Sweetwater County. The Bairoil school system has in the past paid the Carbon County system for educational services. The trial judge considered that the Bairoil district would not be benefited by being consolidated with other Sweetwater County districts because substantially all educational services would be supplied by the adjoining district in Carbon County, even though paid for by the new unified district in Sweetwater County.
Districts adjacent to the Bairoil district are naturally eager to be consolidated with Bairoil because of the assessed valuation of property within the Bairoil district. The assessed valuation of such district is $16,997,373.00, amounting to $320,705 per pupil. This is accounted for because of its location in the Lost Soldier oil field. Bairoil has the highest valuation per student in Sweetwater County, and for that matter in the entire state.[1]
We cannot avoid being aware that the matter before us has been and is difficult of solution because a tax advantage is to be had by being in a school district where the assessed valuation is high. If ad valorem taxes for school purposes were equalized throughout the state, as required by Art. 1, *1237 § 28, Wyoming Constitution, and by the equal protection clause of the Fourteenth Amendment to the United States Constitution,[2] cases such as the one being dealt with would not arise.
The time has come when we can no longer ignore inequalities throughout our state in the matter of taxation for school purposes. Taking judicial notice of official reports of the state department of education, which we are privileged to do, we are made aware that this inequality ranges from a situation where in the Bairoil district a levy of one mill will bring in $351 per pupil, while in the Star Valley district (Lincoln County) a levy of one mill will bring in $4.70 per pupil.
We are attaching as an appendix to this opinion a Property Tax Report for Unified School Districts (1971-1972), prepared by Management Information Services, Planning and Development Division, State Department of Education. The primary concern of this report is to provide information relating to property valuation and the taxes assessed on property for school revenues. Facts and figures contained in this report show much disparity in school ad valorem taxes which are being paid by taxpayers throughout the state.
It will be seen from these figures that affluent districts can provide a high quality education for their children while paying lower taxes. Poorer districts, by contrast, do not have that advantage. The inequality is obvious.
Sweetwater County is large in area, containing in excess of 10,000 square miles. In some of the areas the principal source of assessed valuation is from the extractive mineral industry. New developments are taking place, and some areas which previously produced have or will become depleted. Thus, there is a constant changing of assessed valuations for given areas. Even if the pupil assessed valuations were fairly well equalized within a multiple-district county, it could  and probably would  materially change from year to year, which would require a constant changing or even gerrymandering of properties from one district to another.

Needed Legislation
We see no manner in which ad valorem taxes for school purposes can be made equal and uniform unless it is done on a state-wide basis. In other words, all property owners within the state should be required to pay the same total mill levy for school purposes.
Art. 15, § 17, Wyoming Constitution, provides there shall be levied each year in each county a tax of 12 mills on the dollar for the support and maintenance of public schools. This tax is collected by the county treasurer and disbursed among the school districts "within the county." Inasmuch as this levy is mandatory and a constitutional requirement, it will necessarily continue.
Art. 15, § 15, Wyoming Constitution, authorizes a state tax not exceeding six mills on the dollar to be levied each year for support of public schools in the state. There is no need for any change in what is being done with respect to the levy of this tax and the distribution of funds derived from such levy.
While we do not mean to encroach upon prerogatives of the legislature, we think it might be helpful if we would suggest a possible method by which equal and uniform taxes can be accomplished for school purposes. In doing so, we exclude from our consideration funds derived from the six-mill state levy; funds from motor vehicle fees; funds from fines and forfeitures; Forest Reserve funds; Land Income funds; Taylor Grazing funds; and all State or Federal funds or other funds not derived from ad valorem taxes levied at the county level.
The legislature would need to provide for determination of the total amount of school funds which must be derived from ad *1238 valorem taxes at the county level, exclusive of funds listed in the preceding paragraph, for each classroom unit as defined in § 21.1-228, W.S. 1957, 1971 Cum.Supp. When the amount per classroom unit is multiplied by the number of classroom units in the state, a total for the state (of the funds we are considering) will be known. It can then be determined each year what mill levy would be necessary, when applied to all assessed property in the state, to produce the total for the state (of the funds we are considering).
Each year the state department of education would need to notify the county commissioners in each county what mill levy must be levied, in addition to the county 12-mill levy provided for in Art. 15, § 17. Funds derived from the additional levy (exclusive of those from the 12-mill county levy) would need to be transmitted by each county treasurer to the state treasurer. The state department of education would then need to notify the state treasurer what proportion of these funds must go to each school district in the state in order that each district will receive the same share per classroom unit, when its allotment from the countywide 12-mill school levy and its additional allotment from the state treasurer are added together.
Although we have been referring in this opinion to a "classroom unit" as the unit of measurement for a district's share in funds, we do not mean to imply that a different unit of measurement may not be adopted at any time in the future.
We have been speaking only about the operation and maintenance of public schools and not about the financing of capital improvements. Such financing will in the future have to be done by each school district separately, unless and until otherwise authorized. No invidious discrimination will be involved if bonds are voted by any school district for capital improvements, and if special levies are made within the district to retire such bonds.
Also, we will not consider any invidious discrimination involved if the legislature sees fit to permit local initiative within any district, for expenditures other than for capital improvements, to the extent of 10 per cent or 15 per cent of the level of income guaranteed for the district by the state in any year.
In making the suggestions we have set out concerning needed legislation, we have been considerably influenced by the decision of the California Supreme Court in Serrano v. Priest, 5 Cal.3d 584, 96 Cal. Rptr. 601, 487 P.2d 1241. We cite it as authority for our conclusions in this case.

The Sweetwater Problem
The trial judge, as we understand his decision, has made it quite clear he considers there is no solution to the Bairoil problem if the Bairoil district has to be consolidated into a unified district which is an efficient administrative unit, and if the consolidation is confined to the boundaries of Sweetwater County. As previously stated, the judge suggested a satisfactory solution would possibly be for the Bairoil district to become a part of the Rawlins (Carbon County) district. He also held the Sweetwater county committee was completely arbitrary for not considering this possibility.
Counsel for the county committee of Sweetwater County argues that county committees of two counties could, up to December 1, 1971, mutually agree on the crossing of county lines in the forming of a unified district.[3] He claims, however, the state committee, after December 1, 1971, has no authority or power to effect a unification where county lines are crossed. Such power is claimed on behalf of the state committee under § 21.1-113, W.S. 1957, 1971 Cum.Supp.
It is true § 21.1-113 does provide, if an approved plan has not been filed for "any territory" in any county or counties, by December 1, 1971, the state committee is authorized to reorganize "such territory" into a unified school district. As far as we know, however, the only controversial territory *1239 involved in the unapproved plan, as far as this case is concerned, is the territory which the Sweetwater County committee intended to become unified District No. 1, all of which is in Sweetwater County. We assume the adjacent territory in Carbon County was a part of a unified district as of December 1, 1971.
Moreover, the 12-mill school levy mandated by Art. 15, § 17, of the constitution must be disbursed among the school districts "within the county." This levy produces considerable revenue from Bairoil. It would be difficult to keep it all within Sweetwater County, if Bairoil was consolidated with a Carbon County district. Or, if it was kept in Sweetwater County, Rawlins' reason for wanting to be consolidated with Bairoil would be largely gone.
Be that as it may, the district court ordered the state committee to reject the plan of organization devised by the county committee of Sweetwater County. We are informed the court's order has been carried out, and apparently the districts of Sweetwater County are now as they were immediately prior to the time when the state committee approved the county committee's plan for unification.
We are going to retain jurisdiction of this case until the legislature has met and thereafter adjourned in 1973. Until adjournment of the legislature in 1973, or until further order of this court, we direct that all districts in Sweetwater County shall operate and remain as they were immediately before the state committee approved the county committee's plan for unification.
If the legislature undertakes to equalize ad valorem taxes for school purposes on a statewide basis, and we expect it to do so, we suggest it give consideration to clarifying § 21.1-113 in light of what we have said about the section.
We think of two possible solutions. First, unification can be restricted within the respective counties, with provisions for payment of tuition or costs when it is more convenient for children to attend school in another county. Second, there can be no objection to the organization of a unified school district involving territory in two or more counties, providing proper arrangements are made for prorating the 12-mill county levy prescribed by the constitution, in keeping with the provisions of Art. 15, § 17. Such prorating will be facilitated if and when legislation is adopted which will equalize ad valorem taxes for schools on a statewide basis.

Existing Debts
School District No. 25 (Bairoil) has a bonded indebtedness of some $97,000. The indebtedness in other areas of the proposed unified District No. 1 amounts to $2,622,000. Thus, the proposed unification would cause the mill levy on property in the Bairoil area to be increased to help pay off the indebtedness of the Rock Springs and Wamsutter areas.
The residents of Bairoil complain this would cause an additional debt on them without their having voted for it. This, they say, is contrary to Art. 16, § 4, Wyoming Constitution, which specifies:
"No debt in excess of the taxes for the current year shall, in any manner, be created by any county or sub-division thereof * * * unless the proposition to create such debt shall have been submitted to a vote of the people thereof and by them approved."
No doubt the constitutionality of debt spreading in connection with unification in Sweetwater County will in due time have to be settled. As far as the instant case is concerned, however, it does not need to be settled at this time. We say that because we are retaining jurisdiction of this case, and in the meantime debt spreading is not a problem since the districts are as they previously were.
At the same time we heard oral argument for this case, we also heard oral argument for a similar case, Lund v. Robert G. Schrader, State Superintendent of Public Instruction, No. 3995 (Johnson County). In that case we will have to decide the constitutionality of those provisions in the school district organization law which provide for an equitable allocation of the assets and *1240 debts of districts affected by any plan of organization.
Our decision in the Johnson County case will serve as a caveat for the question of debt spreading in this case, if and when a final unification is effected involving Bairoil. In view of this, nothing more needs to be said on the subject at this time.
Jurisdiction retained for final decision after the next regular session of the legislature and for whatever further orders or disposition may be necessary in the meantime.
Mr. Justice PARKER (dissenting).
I would affirm the judgment of the district court and can agree with the prevailing disposition of the case here only insofar as (a) it grants no relief to the appellant for the time, approving the district court's rejection of the unification plan, and (b) it indicates the necessity of state legislation providing for school purposes on a state-wide rather than a gerrymandering basis. Otherwise, I cannot join either in the rationale or the result of this court's opinion, first, because it purports to utilize the pronouncement in Serrano v. Priest, 5 Cal.3d 584, 96 Cal. Rptr. 601, 487 P.2d 1241, a case which did not directly relate to the problems raised here and which, although possibly containing some parallels, was not even cited or argued before us, counsel here having had no opportunity to present their views, and second, this court improvidently undertakes to issue an advisory opinion and postpones the determination, fundamental to any decision, of the propriety, validity, and constitutionality of pertinent laws.

APPENDIX
Management Information Services Planning and Development Division State Department of Education December 1, 1971

Property Tax Report

Unified School Districts 1971-72
The Wyoming Property Tax system presently being used to support Public School financing may or may not be questioned in view of recent court actions in California and other states. The purpose of this report is to provide information which may be beneficial for anyone interested in understanding the effect of property valuation and taxation for Wyoming Public Schools.
The information presented in this report has been collected by the Management Information Unit of the Planning and Development Division of the Department of Education. Reports submitted by the County Treasurers throughout the State and the records of the State Department of Education have provided the sources of information. These data represents the actual student enrollments, property valuations and tax commitments existing for the 1971-72 school year.
The question: "Does the property tax available to Wyoming School Districts provide an equitable base for the financial support of public education?" appears to be of current concern. Thus, this report is limited to the revenue available to school districts from the State Tax Levy, the 12 Mill County Tax Levy, the General County School Tax Levy, and the Local District Special Levy. No effort is made in this report to illustrate the distribution of the Public School Foundation Funds.

ENROLLMENTS
Presently there are 94 school districts in Wyoming which enroll 86,430 students as reported by the Fall Reports for the 1971-72 school year. The information provided in this report relates only to the 57 Unified School Districts which include programs for Kindergarten or First Grade through the Twelfth Grade. The total student enrollment of these 57 Unified districts is 80,354 which represents 93% of Wyoming's total student enrollment.
Table I lists and ranks the student enrollments in the 57 Unified School Districts. The highest enrollment is reported by School District # 1 in Cheyenne (14,226) and the lowest enrollment is reported by School District # 5 in Rock River (89). Wyoming's population sparcity and the geographic *1241 features of the state contribute to the imbalance reflected in school district enrollment.
It may be interesting to note that only 19 Unified School Districts have enrollments exceeding 1,200 students. A National report written by Dr. James Conant during the 1960's recommended that each graduating class of a school district should be at least 100 students. A more recent study (1971) entitled the National Educational Finance Project recommends that an Administrative Unit serve not less than 1,800 students in daily attendance.

PROPERTY VALUATIONS
Real property is used as a base for taxation to support State, County, and Local governments. This property base also provides a major source of revenue for local school districts and the revenue from the property taxes determine the distribution of resources available through the Public School Foundation Program.
Table II consisting of three pages, lists the 57 Unified School Districts by County location and reports: the District Assessed Valuation; the Mill Levies as approved for the four categories of property taxation; the revenue due from levies; and the district total levies and revenue derived from the property valuation. Also, the Bond/Interest levies approved for Capital Construction are included in this Tax Summary for 1971-72.
A brief definition of the Tax Categories listed in the Tax Summary may assist one in understanding the importance of property valuation and the impact it has on the respective school districts.

State School Levy  A State levy of 6 mills ($6.00 per $1,000 property valuation) on all property within the school district. This taxation is collected at the County level of government and paid to the State for the support of public education throughout the State.

General County School Levy  A County levy, not to exceed three mills, on all property within a County. This taxation is collected at the County level of government and is distributed to school districts within the County. Distribution is determined by the number of teachers and bus routes in a school district.

County-wide School Levy  A County 12 mill levy on all property within a County. This taxation is collected at the County level of government and is distributed to the school districts within the County. Distribution is determined by the proportion of classroom units in a school district to the total classroom units in the County.

Special District Tax Levy  A School District Levy on all property within the school district boundaries. This levy shall not exceed 28 mills for Unified School Districts and six (6) mills of which shall shall not be levied except with the approval of a majority of the voters voting on the proposition.
Charts A, B, and C graphically illustrate information provided in the Tax Summary. These charts are provided to illustrate the effect of property valuation and the tax levies in the Unified Districts. The school districts have been ranked on these charts to provide visual comparisons between the high and low points.
Chart A illustrates the Total School Tax on property valuation in each of the 57 Unified School Districts. School District # 1 at Laramie records the highest total levy at 47.75 mills, which is equal to $47.75 per $1,000 valuation. School District # 1 at Thermopolis records the lowest total levy for Unified Districts at 28.648 mills. The Mean of these 57 districts levies is 41.022 mills. Thirty-seven districts recorded above the Mean and twenty districts fall below the Mean.
Chart B illustrates the Assessed Property Valuation available for taxing purposes to each of the Unified School Districts. School District # 1 of Campbell County (a County School District) registers the highest total property valuation of $154,239,674. School District # 18 at Encampment registers the lowest total property valuation of *1242 $1,763,542. The Mean valuation of these 57 districts is $21,378,260. Sixteen school districts have available valuation above the average whereas, forty-one districts fall below the average.
Chart B further illustrates the availability of dollars for school purposes in consideration of the amount raised by one-mill. One-mill levied in Campbell County School District # 1 will provide $154,239 for school purposes. Whereas, one-mill in School District # 18 at Encampment will provide only $1,763 for school purposes.
Chart C illustrates the Assessed Valuation Per Pupil enrolled in the 57 Unified School Districts. School District # 9 at Big Piney with an enrollment of 509 students ranks first with $58,947 valuation per pupil enrolled. School District # 19 at Afton with an enrollment of 1,518 students ranks last with $4,850 valuation per pupil enrolled.
One-mill levied by the Big Piney school district would raise $58.94 per pupil enrolled whereas, one-mill levied in School District # 19 at Afton would raise only $4.85 per pupil enrolled. An equally low revenue return on one-mill is evident for the two largest school districts in the State. School District # 1 in Cheyenne would only receive $6.53 per pupil for each one-mill levied and the Casper School District would be eligible for only $10.29 per pupil.

EFFECTIVE EXPENDITURES
Table III provides information relating to the Effective Expenditures of the 57 Unified School Districts during the previous school year of 1970-71. This information does not relate directly to the sources of revenue derived from the property tax but is incorporated upon the request of Dr. Schrader, State Superintendent of Public Instruction.
The term "Effective Expenditures" has been used in reporting Wyoming school district expenditures in previous years. The Effective Expenditures include costs for: Administration, Instruction, Attendance Services, Health Services, Plant Operation, Plant Maintenance, Fixed Charges, and Student Activities. These categories of school expenditures have been considered as being more directly related to a student's cost of education within a school district.
The highest effective expenditure was reported by Rock River with an enrollment of 89 expending $1,887.69 per average daily membership. The lowest effective expenditure was reported by Afton with an enrollment of 1,518 expending $580.64 per average daily membership. The average Effective Expenditure within the state during the 1970-71 school year and including all types of school districts was $799.48 per average daily membership.

SUMMARY
The information provided in this report does not consider all factors affecting Wyoming Public School financing or the elements used to determine the allocation of funds through the Public School Foundation Program. The primary concern was to provide information relating to property valuation and the taxes assessed on the property for school revenues.
Chart A does appear to indicate that most of the Unified School Districts are making a uniform effort to levy the maximum allowable mill rate as permitted by law. The school districts of Laramie, Rock River, and Encampment have also had approved by local voters the extension of their levies as permitted by the law.
Charts B and C illustrate a considerable difference in the ability of school districts based on property valuation to support educational financing.
The property tax base may need further investigation and consideration if it is to remain as the primary source for support of governmental and institutional services.

*1243
 Table I 
 ENROLLMENT*
 Unified School Districts
 1971-1972
Rank Community Enrollment
--------------------------------------------
 1 Cheyenne SD#1 14,226
 2 Natrona Co. SD#1 14,118
 3 Laramie SD#1 4,150
 4 Rock Springs SD#1 3,404
 5 Sheridan SD#2 3,398
 6 Riverton SD#25 3,276
 7 Campbell Co. SD#1 2,968
 8 Cody SD#6 2,307
 9 Rawlins SD#3 2,223
10 Powell SD#1 2,097
11 Torrington SD#3 1,894
12 Worland SD#1 1,852
13 Afton SD#1 1,518
14 Green River SD#2 1,499
15 Teton Co. SD#1 1,410
16 Newcastle SD#1 1,325
17 Johnson Co. SD#1 1,287
18 Crook Co. SD#1 1,237
19 Hot Springs Co. SD#1 1,234
20 Evanston SD#1 1,188
21 Wheatland SD#9 1,014
22 Kemmerer SD#1 975
23 Lovell SD#3 862
24 Pine Bluffs SD#2 826
25 Niobrara Co. SD#1 650
26 Glenrock SD#15 645
27 Pinedale SD#1 603
28 Ranchester SD#1 577
29 Big Piney SD#9 509
30 Saratoga SD#9 503
31 Pavillion SD#6 443
32 Lingle SD#12 417
33 Upton SD#7 416
34 Basin SD#17 404
35 Dubois SD#2 372
36 Guernsey SD#16 368
37 Lyman SD#6 367
38 Mountain View SD#4 351
39 Shoshoni SD#24 318
40 Medicine Bow SD#6 316
41 Hanna SD#4 286
42 Meeteetse SD#16 240
43 Veteran SD#5 223
44 Cokeville SD#5 216
45 Burlington SD#20 206
46 Ten Sleep SD#2 175
47 Cowley SD#28 167
48 Huntley SD#7 155
49 Deaver SD#30 151
50 Baggs SD#1 150
51 Glendo SD#8 140
52 LaGrange SD#8 136
53 Encampment SD#9 135
54 Clearmont SD#3 128
55 Farson SD#3 118
56 Chugwater SD#4 92
57 Rock River SD#5 89
 Total Enrollment of Unified
 Districts 80,354
 (93% of total Wyoming Public
 School Enrollment)
* Enrollment reported on Fall Report, September, 1971
 Mean = 1,410
 Mean = 945 (excluding Cheyenne SD#1 and Natrona Co. SD#1)

*1244
 TABLE II 
 UNIFIED SCHOOL DISTRICTS
 ========================
 TAX SUMMARY, 1971-72
 ====================
County General County
District Assessed State School School Tax Levy County-Wide Tax Special District Total School Tax Bonds & Interest
Community Valuation Levy & $/Levy & $/Levy Levy & $/Levy Tax Levy & $/Levy Levy & $/Levy Levy & $/Levy
-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------
ALBANY
 1-Laramie $ 29,816,355 6.00 $178,898 1.800 $ 76,350 12.00 $ 357,796 27.950 $ 833,367 47.750 $1,446,411 7.750 $231,077
 5-Rock River 3,109,017 6.00 18,654 1.800 4,650 12.00 37,308 24.620 76,544 44.420 137,156 1.660 5,161
BIC HORN
 3-Lovell $ 8,286,833 6.00 $ 49,721 2.000 $ 19,950 12.00 $ 99,442 22.000 $ 182,310 42.000 $ 351,423 15.260 $126,457
17-Basin 4,617,701 6.00 27,706 2.000 10,500 12.00 55,412 22.000a 101,590 42.000 195,208 6.320 29,184
20-Burlington 1,769,235 6.00 10,615 2.000 8,400 12.00 21,231 22.000 38,923 42.000 79,169
28-Cowley 3,937,164 6.00 23,623 2.000 6,600 12.00 47,246 23.600b 70,906 43.600 148,375c 2.500 9,843
 1,733,847 2.000 5,289 42.000
30-Deaver 6.00 40,788 12.00 81,576 22.000 149,557 40.910 278,521d 5.860 39,836
 5,064,163 .910 1,311
CAMPBELL
 1-Gillette $154,239,674 6.00 $925,438 .536 $ 82,640 12.00 $1,850,876 20.396 $3,145,872 38.932 $6,004,826 3.932 $606,470
CARBON
 1-Baggs $ 4,989,085 6.00 $ 29,934 1.140 $ 5,850 12.00 $ 59,869 18.400 $ 91,799 37.540 $ 187,452 11.600 $ 55,878
 3-Rawlins 24,864,011 6.00 149,184 1.140 39,150 12.00 298,368 22.000 547,008 41.140 1,033,710 4.200 85,478
 4-Hanna 11,776,907 6.00 70,661 1.140 8,700 12.00 141,323 22.000 259,092 41.140 479,776 3.200 37,686
 6-Medicine Bow 12,800,487 6.00 76,803 1.140 8,550 12.00 153,606 20.240 259,082 39.380 498,041 6.260 80,131
 9-Saratoga 7,149,938 6.00 42,900 1.140 13,200 12.00 85,799 22.000 157,299 41.140 299,198 8.600 61,490
18-Encampment 1,763,542 6.00 10,581 1.140 5,100 12.00 21,163 28.000 49,379 47.140 86,223 9.800 17,282
CONVERSE
15-Glenrock $ 19,054,953 6.00 $114,330 .665 $ 12,600 12.00 $ 228,659 18.886 $ 359,872 37.551 $ 715,461 7.126 $135,786
CROOK
 1-Sundance $ 28,242,524 6.00 $169,455 1.396 $ 39,450 12.00 $ 338,910 22.000 $ 621,336 41.396 $1,169,151 .105 $ 2,965
FREMONT
 2-Dubois $ 4,499,927 6.00 $ 27,000 1.580 $ 9,900 12.00 $ 53,999 22.000 $ 98,998 41.580 $ 189,897
 6-Pavillion 10,080,353 6.00 60,482 1.580 18,000 12.00 120,964 22.000 221,768 41.580 421,214 5.540 $ 55,845
24-Shoshoni 8,014,919 6.00 48,090 1.580 9,000 12.00 96,179 21.590 173,042 41.170 326,311 2.930 23,484
25-Riverton 31,176,852 6.00 187,661 1.580 54,900 12.00 375,322 24.000e 750,645 43.580 1,368,528 7.250 226,757
GOSHEN
 3-Torrington $ 13,600,800 6.00 $ 81,605 2.864 $ 42,000 12.00 $ 163,209 22.000 $ 299,218 42.864 $ 586,032 4.241 $ 57,681
 5-Veteran 4,498,846 6.00 26,993 2.864 10,050 12.00 53,986 18.332 82,473 39.196 173,502
 7-Huntley 2,568,293 6.00 15,410 2.864 9,300 12.00 30,820 22.000 56,502 42.864 112,032 1.869 4,800
 8-LaGrange 2,474,054 6.00 14,844 2.864 6,300 12.00 29,689 22.000 54,429 42.864 105,262 8.972 22,198
12-Lingle 5,859,198 6.00 35,155 2.864 16,800 12.00 70,310 22.000 128,902 42.864 251,167 2.616 15,558

*1245
HOT SPRINGS
 1-Thermopolis $ 41,284,892 6.00 $247,709 .749 $ 30,900 12.00 $ 495,419 9.899 $ 408,679 28.648 $1,182,707
JOHNSON
 1-Buffalo $ 33,384,091 6.00 $200,305 .984 $ 32,850 12.00 $ 400,609 18.500 $ 617,606 37.484 $1,251,370 .959 $ 32,014
LARAMIE
 1-Cheyenne $ 92,944,500 6.00 $557,667 2.700 $263,250 12.00 $1,115,334 22.000 $2,044,779 42.700 $3,981,030 5.880 $546,876
 2-Pine Bluffs 14,037,771 6.00 84,227 2.700 30,600 12.00 168,453 22.000 308,831 42.700 592,111 3.620 50,816
LINCOLN
 1-Kemmerer $ 37,646,048 6.00 $225,876 1.340 $ 22,500 12.00 $ 451,753 18.930 $ 712,640 38.270 $1,412,769 3.200 $120,467
 5-Cokeville 6,053,735 6.00 36,322 1.340 6,450 12.00 72,645 20.000 121,075 39.340 236,492 4.500 27,242
19-Afton 7,361,729 6.00 44,170 1.340 39,000 12.00 88,341 22.000 161,958 41.340 333,469 7.700 56,686
NATRONA
 1-Casper $145,333,250 6.00 $872,000 1.700 $253,950 12.00 $1,743,999 22.000 $3,197,332 41.700 $6,067,281 12.080 $1,132,948
NIOBRARA
 $ 15,416,982 1.644 $ 25,350 41.644
 1-Lusk 6.00 $ 94,435 12.00 $ 188,870 22.000 $ 346,261 $ 654,916f
 322,130 2.864 00 42.864
PARK
 1-Powell $ 54,173,098 6.00 $325,039 .910 $ 55,350 12.00 $ 650,077 22.000 $1,191,808 40.910 $2,222,274 4.220 $ 228,611
 6-Cody 51,362,827 6.00 308,177 .910 48,000 12.00 616,354 21.400 1,099,165 40.310 2,071,696 2.470 126,867
16-Meeteetse 13,733,200 6.00 82,399 .910 8,100 12.00 164,798 21.970 301,718 40.880 557,015 6.310 86,656
PLATTE
 $ 1,678,755 1.990 $ 3,300 41.990 11.070 $ 18,584
 4-Chugwater 6.00 $ 12,980 12.00 $ 25,960 22.000 $ 47,594 $ 91,034g
 484,570 2.864 1,200 42.864
 8-Glendo 2,729,327 6.00 16,376 1.990 6,450 12.00 32,752 16.750 45,716 36.740 101,294
 9-Wheatland 8,686,220 6.00 52,117 1.990 23,550 12.00 104,235 22.000 191,097 41.990 370,999
 6,353,690 1.990 10,500 41.990 7.880 50,057
16-Guernsey 6.00 38,651 12.00 77,302 22.000 141,721 268,174h
 88,175 2.864 00 42.864
SHERIDAN
 1-Ranchester $ 7,720,059 6.00 $ 46,320 2.100 $ 17,700 12.00 $ 92,641 22.000 $ 169,841 42.100 $ 326,502 6.320 $ 48,791
 2-Sheridan 30,573,826 6.00 183,443 2.100 66,360 12.00 366,886 22.000 672,624 42.100 1,289,313 3.620 110,677
 3-Clearmont 3,874,697 6.00 23,248 2.100 7,350 12.00 46,496 22.000 85,243 42.100 162,337 2.870 11,121

*1246
SUBLETTE
 1-Pinedale $ 7,485,396 6.00 $ 44,912 .828 $ 13,650 12.00 $ 89,825 22.000 $ 164,679 40.828 $ 313,066 4.518 $ 33,819
 9-Big Piney 30,004,152 6.00 180,026 .828 17,550 12.00 360,050 15.775 473,316 34.603 1,030,942 4.912 147,380
SWEETWATER
 1-Rock Springs $56,793,432 6.00 $340,760 .760 $ 61,650 12.00 $ 681,521 21.860 $1,241,504 40.620 $2,325,435 5.550 $315,204
 2-Green River 40,382,124 6.00 242,293 .760 27,500 12.00 484,585 17.990 726,474 36.750 1,480,852 8.850 357,382
 3-Farson 3,410,902 6.00 20,465 .760 4,350 12.00 40,931 22.000 75,040 40.760 140,786 2.770 9,448
TETON
 1-Jackson $18,695,212 6.00 $112,171 1.700 $ 30,600 12.00 $ 224,343 22.000 $ 411,295 41.700 $ 778,409 4.500 $ 84,128
UINTA
 1-Evanston $13,126,510 6.00 $ 78,759 1.707 $ 21,650 12.00 $ 157,518 22.000 $ 288,783 41.707 $ 546,710 6.432 $ 84,429
 4-Mt. View 5,719,503 6.00 34,317 1.707 10,100 12.00 68,634 16.156 92,404 35.863 205,455 3.591 20,539
 6-Lyman 5,054,813 6.00 30,329 1.707 9,050 12.00 60,658 22.000 111,206 41.707 211,243 9.682 48,941
WASHAKIE
 1-Worland $21,306,303 6.00 $127,837 1.728 $ 38,700 12.00 $ 255,676 22.000 $ 468,739 41.728 $ 890,952 7.030 $149,783
 2-Ten Sleep 4,469,272 6.00 26,816 1.728 5,850 12.00 53,631 19.998 89,377 39.726 175,674 7.966 35,603
WESTON
 1-Newcastle $21,277,877 6.00 $127,668 1.535 $ 34,500 12.00 $ 255,335 24.350i $ 518,116 43.885 $ 935,619
 7-Upton 9,503,052 6.00 57,018 1.535 12,750 12.00 114,037 26.247j 249,427 45.782 433,232
a Special District Levy and $/Levy includes .500 mills and
$2,309 for special recreation fund, in Big Horn County, District
17  Basin.
b Special District Levy and $/Levy includes 1.600 mills and
$6,299 for special building fund, in Big Horn County, District 28
 Cowley.
c Total School $/Levy includes the monies from the portion of
District 28 that lies in the High School III District.
d Big Horn District 30 lies in both Big Horn County and Park
County, the Total School $/Levy represents the total dollars for
District 30.
e Special District Levy and $/Levy includes 2.000 mills and
$62,554 for special building fund, in Fremont County, District 25
- Riverton.
f Niobrara County Unified School District lies in both
Niobrara Co. and Goshen Co., the Total School $/Levy represents
the total dollars for Niobrara Co.
g Platte County School District 4 lies in both Platte County
and Goshen County, the Total School $/Levy represents the total
dollars for Platte District 4.
h Platte County School District 16 lies in both Platte Co.
and Goshen Co., the Total School $/Levy represents the total
dollars for Platte District 16.
i Special District Levy and $/Levy includes 2.350 mills and
$50,003 for special building fund, in Weston County, District 1 
Newcastle.
j Special District Levy and $/Levy includes 5.261 mills and
$49,996 for special building fund, in Weston County, District 7 
Upton.

*1247
 Table III 
 EFFECTIVE EXPENDITURES
 Unified School Districts
 1970-71 School Year
 TOTAL TOTAL EFFECTIVE EFFECTIVE EFFECTIVE EFFECTIVE
SCHOOL #CRU'S EXPENDITURES EXPENDITURES ADM ADA CRU
-------------------------------------------------------------------------------------------------------
Laramie 212.137 $ 3,077,870.00 $ 2,879,123.96 $ 693.62 $ 735.36 $13,572.00
Rock River 12.684 186,318.30 171,423.41 1887.69 1973.92 13,514.92
Lovell 49.102 664,614.55 619,784.41 694.34 728.88 12,622.39
Basin 26.778 363,641.77 337,136.84 820.93 852.06 12,590.07
Burlington 15.915 260,658.15 209,468.94 1054.82 1102.34 13,161.73
Cowley 16.682 262,476.61 226,738.08 1270.75 1323.15 13,591.78
Deaver 12.846 227,538.65 209,543.61 1432.42 1482.72 16,311.97
Campbell Co. 176.084 4,748,441.99 3,274,385.27 1050.76 1071.97 18,595.59
Baggs 14.228 204,375.20 180,604.59 1179.82 1230.51 12,693.60
Rawlins 113.907 1,750,082.46 1,656,018.38 751.20 792.56 14,538.34
Hanna 19.150 424,234.73 371,170.24 1747.54 1834.29 19,382.26
Medicine Bow 20.738 399,477.91 326,590.86 1290.19 1387.92 15,748.43
Saratoga 28.670 475,293.23 426,077.23 847.61 884.27 14,861.43
Encampment 9.371 148,764.63 136,481.46 1214.37 1276.85 14,564.24
Glenrock 32.970 589,178.68 531,306.93 825.88 865.11 16,114.86
Crook Co. 86.042 1,482,234.16 1,214,986.82 946.63 998.13 14,120.86
Dubois 24.296 366,411.06 294,563.06 822.36 875.05 12,123.93
Pavillion 31.795 630,550.49 515,364.08 1217.54 1290.85 16,208.97
Shoshoni 27.024 397,580.49 348,866.43 953.97 1015.23 12,909.50
Riverton 153.770 2,332,589.37 2,169,910.91 742.07 783.12 14,111.41
Torrington 102.826 1,424,269.23 1,284,659.07 688.21 718.86 12,493.52
Veteran 20.073 298,669.40 243,061.37 1006.56 1049.56 12,108.87
Huntley 20.599 295,706.14 225,082.69 1351.26 1452.76 10,926.87
LaGrange 13.403 206,581.36 172,124.08 1262.58 1313.50 12,842.21
Lingle 32.874 494,477.80 430,205.08 990.21 1052.75 13,086.48
Hot Springs Co. 71.799 1,251,132.65 1,147,058.39 895.56 944.87 15,975.97
Johnson Co. 82.369 1,409,271.01 1,178,404.88 884.17 930.72 14,306.41
Cheyenne 717.171 10,062,103.31 9,560,352.46 678.83 717.67 13,330.65
Pine Bluffs 67.525 1,102,252.88 909,685.78 1094.60 1135.78 13,471.84
Kemmerer 56.023 1,025,235.15 884,946.12 869.18 911.45 15,796.12
Cokeville 18.534 253,343.53 224,940.77 1081.39 1152.62 12,136.66
Afton 78.975 1,164,736.58 898,806.28 580.64 606.70 11,380.90
Natrona Co. 747.075 10,452,035.74 9,728,314.67 683.17 725.36 13,022.39
Niobrara Co. 48.390 878,722.37 740,575.65 1070.87 1120.17 15,304.31
Powell 119.463 2,395,661.36 2,188,394.82 1013.92 1059.67 18,318.60
Cody 121.297 1,985,813.89 1,792,995.21 776.00 814.12 14,781.86
Meeteetse 16.889 377,100.74 319,603.66 1359.10 1420.01 18,923.78
Chugwater 9.106 210,002.64 116,268.41 1234.00 1283.51 12,768.33
Glendo 14.241 226,309.99 190,028.10 1289.96 1369.53 13,343.52
Wheatland 52.154 745,262.69 637,477.99 643.44 676.37 12,222.99
Guernsey 26.778 438,058.47 386,361.08 983.40 1024.94 14,428.30
Ranchester 43.666 621,270.41 528,181.83 917.54 960.55 12,095.95
Sheridan 181.250 2,691,909.80 2,417,855.03 707.08 741.18 13,339.89
Clearmont 15.831 251,611.40 207,352.58 1388.89 1429.71 13,059.98
Pinedale 34.070 511,058.41 450,051.57 779.95 823.40 13,209.61
Big Piney 31.913 829,791.03 646,697.90 1371.92 1446.00 20,264.40
Rock Springs 166.580 2,946,959.03 2,614,410.63 815.16 863.94 15,694.62
Green River 71.870 1,324,158.05 1,132,806.76 794.14 841.08 15,761.89
Farson 9.689 158,902.35 138,992.67 1157.38 1218.21 14,345.41
Teton Co. 72.149 1,257,480.70 1,057,501.38 785.30 824.88 14,657.19
Evanston 69.648 1,001,759.57 918,594.97 785.11 823.54 13,189.11
Mountain View 25.656 360,636.24 302,248.58 862.26 914.67 11,780.81
Lyman 25.431 368,938.34 298,890.62 830.05 871.41 11,753.00
Worland 99.670 1,440,737.37 1,360,429.34 754.99 799.89 13,649.34
Ten Sleep 14.255 226,250.97 193,384.56 1072.84 1163.76 13,566.09
Newcastle 76.820 1,239,365.55 1,104,825.23 811.80 842.44 14,382.00
Upton 29.118 481,735.07 404,301.11 926.81 987.50 13,884.92
STATE TOTALS 4859.103 $78,408,912.74 $68,823,852.73 $ 799.48 $ 842.42 $14,163.90
 (Includes all 120 school districts for the 1970-71 school year.)

*1248 
*1249 
*1250 
NOTES
[1] When the county committee commenced deliberations in connection with a plan of unification for Sweetwater County, there were six school districts in the county. Their enrollment and assessed valuations were as follows:

 ASSESSED
 ASSESSED VALUATION
DISTRICT ENROLLMENT VALUATION PER PUPIL
----------------------------------------------------------------------
No. 1-Wamsutter 78 $21,960,953 $281,551
No. 2-Green River 1,512 31,084,684 22,898
No. 4-Rock Springs 2,928 31,310,661 10,693
No. 6-Granger 34 2,112,853 62,143
No. 21-Eden-Farson 112 1,282,712 11,452
No. 25-Bairoil 53 16,997,373 320,705

For Sweetwater County as a whole, the six districts had a total enrollment of 4,512, total assessed valuation of $104,749,200 and an averaged assessed valuation per pupil of $21,439.
The three districts created by the Sweetwater County plan, which plan used 1970 figures, were as follows:

 ASSESSED
 ASSESSED VALUATION
DISTRICT ENROLLMENT VALUATION PER PUPIL
----------------------------------------------------------------------------
No. 1-Rock Springs-Wamsutter-Bairoil 3,045 $73,372,299 $24,096
No. 2-Green River-Granger 1,409 37,184,715 26,391
No. 3-Eden-Farson 112 3,124,412 27,896

[2] Art. 1, § 28, Wyoming Constitution, provides all taxation shall be equal and uniform. Amendment XIV, United States Constitution, provides no state shall deny to any person within its jurisdiction the equal protection of the laws.
[3] See § 21.1-118(a), W.S. 1957, 1971 Cum.Supp.